IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Frandy Joseph,<br><br>　　　　　Petitioner,<br><br>v.<br><br>David R Rivas, et al.,<br><br>　　　　　Respondents. | No. CV-25-03754-PHX-DJH (CDB)<br><br>**ORDER** |

　　　　In its November 20, 2025 Order, the Court directed Respondents to show cause ("the OSC") why Petitioner should not be granted relief under *Zadvydas v. Davis*, 533 U.S. 678 (2001). (Doc. 25.) The OSC is fully briefed. (Docs. 27-28.) The Petition will be granted in part, and Respondents must immediately release Petitioner from custody.

　　　　The OSC determined that Petitioner's removal order became final on February 26, 2025, the 90-day removal period expired on May 27, 2025, and Petitioner's additional six months' detention beyond the 90-day removal period has become presumptively unconstitutionally prolonged under *Zadvydas*. (Doc. 25 at 4.) The OSC further determined Petitioner provided "good reason" to support that his removal is not significantly likely to occur in the reasonably foreseeable future. (*Id.* ("Petitioner has met his burden.")). Thus, the burden shifted to Respondents to rebut that showing with competent evidence, and the Court ordered Respondents to show cause why the Petition should not be granted. *Zadvydas*, 533 U.S. at 701.

　　　　In response to the OSC, Respondents primarily focus on Petitioner's criminal

history as justification for his continued detention. (Doc. 27 at 5.) But as Petitioner notes, the detention at issue is civil, not criminal, and Respondents cite no authority for the proposition that consideration of Petitioner's criminal history is relevant to whether his removal is likely.

Respondents also appear to contend Petitioner failed to meet his initial burden to establish his removal is unlikely in the reasonably foreseeable future. But as noted, the Court already made the determination that Petitioner met his burden and there is no basis to reconsider that decision, particularly when "discovery show[ed] a complete lack of evidence that ICE has tried obtain[ing] travel documents for Mr. Joseph from the Haitian government." (Doc. 17.). And after so finding, the Court further noted:

> There is no evidence from which the Court can conclude Petitioner's removal is even conceivable as there is no evidence they **have requested** that Haiti accept him. Respondents do not m[e]et their burden to show that Petitioner's removal to Haiti is likely to occur at all, much less in the reasonably foreseeable future. *See Seretse-Khama v. Ashcroft*, 215 F. Supp. 2d 37, 50 (D.D.C. 2002) (government failed to rebut showing removal is not reasonably foreseeable when they have not shown "that any travel documents are in hand, nor have they provided any evidence, or even assurances from the Liberian government, that travel documents will be issued in a matter of days or weeks or even months.")
>
> Further, Respondents have apparently decided to request that Mexico accept Petitioner, even though [Respondents] claim to be working expeditiously to effectuate his removal to Haiti and seem certain of his removal there. (Doc. 23-1 at 3; exh. A) ("Since Petitioner's removal became final, ERO has worked expeditiously to effectuate Petitioner's removal to Haiti [b]ased on my experience and having reviewed the progress of ERO's request for the Haitian govt . . .there is significant likelihood that he will be removed to Haiti in the reasonable foreseeable future."). Yet, they have not submitted any evidence in support of that request.
>
> At this juncture, if the Government has not received a positive response to its most recent inquiry to Mexico, the Court is inclined to find there is no significant likelihood of removal in the reasonably foreseeable future and must order Petitioner's release. Respondents will therefore be required to show cause no later than November 26, 2025, why Petitioner's Petition should not be granted.

(Doc. 25 at 4-5.)

And the total of their response as to their specific efforts to remove Petitioner are as follows:

> Here, ICE has taken active steps to remove any impediments towards removing Petitioner to Mexico. As noted above, ICE intends to remove to Petitioner to Mexico, now that USCIS has determined Petitioner was not eligible for protection from removal to Mexico under INA § 241(b)(3) and CAT.
>
> * * *
>
> Petitioner was transferred to Imperial on November 14, 2025, to begin the process of submitting a request to the Mexican government to inquire if they would accept the Petitioner.

(Doc. 27 at 2, 4.)  Respondents thus appear to have abandoned the idea of removing Petitioner to Haiti, without so acknowledging, and they do not respond to the Court's request to update it on the status of a request for Mexico to accept Petitioner.  It is not even clear in the record that a request is even pending.  Yet it appears Respondents intend for those statements to satisfy their burden to show that Petitioner's removal is significantly likely to occur in the reasonably foreseeable future.  The Supreme Court held in *Zadvydas* that as the period of detention grows, "what counts as the 'reasonably foreseeable future' would have to shrink."  533 U.S. at 701.  And as noted, Petitioner has now been detained for more than six months *past* the 90-day removal period, for a total of nine months.  As a result, the "reasonably foreseeable future" is the near future.  And an intention to "begin the process" to remove Petitioner to Mexico is a universe away from establishing Petitioner is likely to be removed in the near future.  For these reasons, there is no basis to conclude Petitioner's removal is likely to occur at all, much less in the reasonably foreseeable future and Petitioner must be released from custody.[1]

---

[1] Petitioner also challenged his potential removal to any third country as violating his due process rights because he had not received proper notice of the proposed third country or an opportunity to request relief from removal to that country.  (Doc.1 at 7-8.)  But the record reflects Petitioner received notice and an opportunity to seek relief from removal to Mexico.  At present, there is no indication of any other attempt to remove Petitioner to an alternative third country, so this claim will be denied without prejudice.

**IT IS THEREFORE ORDERED** Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **granted as to Ground One**. The Petition is otherwise denied without prejudice. Petitioner must be released from immigration custody immediately under the same conditions that existed prior to his redetention.

**IT IS FURTHER ORDERED** all pending motions are denied as moot and the Clerk of Court must enter judgment in Petitioner's favor and close this case.

**IT IS FURTHER ORDERED** Respondents must file a notice of compliance confirming Petitioner's release no later than 4:00 p.m. on Tuesday December 8, 2025.

Dated this 5th day of December, 2025.

Honorable Diane J. Humetewa
United States District Judge